**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **BABIN TRANSPORTATION, LLC** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 08-1354** |
| | * | |
| **PHAETON SERVICES, LLC, ET AL.** | * | **SECTION "B"(3)** |

## ORDER AND REASONS

Before the Court is the motion for summary judgment (Rec. Doc. No. 33) filed by Defendants Phaeton Services, LLC and Ronald A. Duhon (collectively "Phaeton"); Plaintiff filed a timely opposition (Rec. Doc. No. 39). Defendant Energy XXI Gulf Coast, Inc. also filed a motion for summary judgment (Rec. Doc. No. 28); this motion was granted as unopposed (Rec. Doc. No. 44), but Plaintiff filed a motion for reconsideration (Rec. Doc. No. 47) of this ruling in addition to an opposition (Rec. Doc. No. 46) to Energy XXI's motion. Energy XXI opposed the motion for reconsideration. (Rec. Doc. No. 51.) After review of the motions, responses, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Phaeton's Motion for Summary Judgment (Rec. Doc. No. 33) is **DENIED**.

**IT IS FURTHER ORDERED** that Babin's Motion for Reconsideration (Rec. Doc. No. 47) is **GRANTED** and that the order of dismissal (Rec. Doc. No. 44) is hereby **VACATED**.

**IT IS FURTHER ORDERED** that Energy XXI's Motion for Summary Judgment (Rec. Doc. No. 28) is **GRANTED IN PART** as to the unjust

enrichment claim and **DENIED IN PART** as to the remainder.

*BACKGROUND*

Babin Transportation, LLC is a towing company whose services were orally contracted for by Phaeton in connection with the gas well operation of Energy XXI at Manila Village. (Aff. Ronald Duhon ¶¶ 3-4.) The parties appear to agree that at least the initial oral agreement with Phaeton was enforceable. However, Babin alleges that Phaeton and Energy XXI have not paid for all of the services orally contracted for. Phaeton and Energy XXI have each moved for summary judgment.

**Phaeton's Motion for Summary Judgment (Rec. Doc. No. 33)**

Phaeton argues in its motion for summary judgment that Babin has produced no evidence that it provided services in connection with Energy XXI's Manila Village operation past January 2, 2007, and that it has fully paid whatever was legally owed to Babin. In its response to Phaeton's motion, however, Babin asserts that it formed contracts with Phaeton that had not yet been paid. (*See* Pl.'s Statement of Disputed Facts ¶¶ 1, 2, and 4.)

**Energy XXI's Motion for Summary Judgment (Rec. Doc. No. 28)**[1]

---

[1] Plaintiff's response to this motion was filed past the eight-day deadline prescribed by Local Rule 7.5E, and the underlying motion for summary judgment was thus granted as unopposed. (*See* Rec. Doc. No. 44.) However, after considering Plaintiff's Motion for Reconsideration (Rec. Doc. No. 47) and the opposition (Rec. Doc. No. 51), and due to the Plaintiff's inadvertent clerical error, the Court should grant reconsideration of its initial dismissal of Energy XXI and vacate its previous order (Rec. Doc. No. 44). *See* Fed. R. Civ. P. 59(e); *see also*

2

Energy XXI argues in its separate motion for summary judgment that Babin has not complied with the requirement of the Louisiana Oil Well Lien Act ("LOWLA") that a Statement of Privilege be filed within 180 days after the last activity or event giving rise to the privilege. La. Rev. Stat. Ann. § 9:4865A(1). Specifically, Energy XXI argues that the last activity or event that could have given rise to the privilege in favor of Babin occurred on December 28, 2006—the final well-work operation date on which Phaeton was present. (Def.'s Mem. in Supp. of Mot. for Summ. J. 5-6.) Babin filed its lien in this case on August 6, 2007, making February 8, 2007, the latest possible termination date for services. Babin thus counters that the last date of its activity related to the well was February 12, 2007, pursuant to an oral contract entered into between Babin and Ronald Duhon.

Energy XXI further argues that it is entitled to summary judgment over the unjust enrichment claim of Babin because Energy XXI has experienced no enrichment and because there is an adequate remedy at law.

---

*Warner v. St. Bernard Parish Sch. Bd.*, No. CIV. A. 96-1839, 1998 WL 43133, at *1-2 (E.D. La. Feb. 3, 1998) ("Under Rule 59(e), a motion for reconsideration is subject to the broad discretion of the trial judge . . . ."). Furthermore, Energy XXI will not be unfairly prejudiced by the Court's consideration of the merits of Babin's defense to Energy XXI's motion for summary judgment. *See Warner*, 1998 WL 43133, at *2; *see also Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980) ("[A] party should not be punished for his attorney's mistake absent a clear record of delay or wilful contempt and a finding that lesser sanctions would not suffice.").

3

*DISCUSSION*

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the Court must consider the evidence and all reasonable inferences in the light most favorable to the nonmovant, the nonmovant must still produce specific facts to demonstrate that a genuine issue exists for trial. *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Celotex Corp.*, 477 U.S. at 324. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

Phaeton has moved for summary judgment on the basis that there was no contract between Phaeton and Babin for the services that Babin allegedly performed and invoiced on January 20 and May 24, 2007. Babin, however, in its response, has submitted the

4

affidavits of Lee Babin and O.V. Hunt to support its argument that there was a contract formed for these unpaid-for services. As such, a material issue of fact exists, and summary judgment is not appropriate at this time as to Babin's claims against Phaeton. (*Compare* Defs.' Statement of Uncontested Facts ¶¶ 6, 7 *with* Pl.'s Statement of Disputed Facts ¶¶ 1, 2, and 4.)

Energy XXI has also moved for summary judgment on the basis that (a) Babin did not timely file its lien in accordance with La. Rev. Stat. Ann. § 9:4865A(1) and (b) Babin's unjust enrichment claim should be dismissed.

With regard to the unjust enrichment claim, Babin's opposition memorandum fails to rebut Energy XXI's valid arguments that Energy XXI has not been enriched and that there is an adequate remedy at law. Energy XXI points out that funds in the amount of $80,000 are being withheld from it by another party due to Babin's lien filed in this matter; thus, Energy XXI is not being enriched by any unpaid-for services that Babin may have performed on the property at issue. Furthermore, Babin's breach-of-contract action against Phaeton for monetary payment is an adequate remedy at law that precludes Babin from seeking unjust enrichment against Energy XXI. As such, Energy XXI is entitled to summary judgment as to the unjust enrichment claim.

The claim that Babin did not timely file its lien in accordance with La. Rev. Stat. Ann. § 9:4865A(1) is a more complex

matter.  Babin alleges that the final act performed in connection with the well operation was on February 12, 2007.  Energy XXI, on the other hand, contends that the final act performed by Babin in connection with the well could not have been past December 28, 2006.  For Babin's lien to have been timely filed, the final activity or event giving rise to the privilege arising under the Louisiana Oil Well Lien Act would have to have occurred by February 8, 2007.  The parties' conflicting affidavits on the issue of the date of the last activity giving rise to the privilege under La. Rev. Stat. Ann. § 9:4865A(1), however, precludes this Court from determining whether the prescriptive period has expired at the summary judgment stage.  Accordingly,

**IT IS ORDERED** that Babin's Motion for Reconsideration (Rec. Doc. No. 45) is **GRANTED.**

**IT IS FURTHER ORDERED** that Energy XXI's Motion for Summary Judgment (Rec. Doc. No. 28) is **GRANTED IN PART** as to the unjust enrichment claim and **DENIED IN PART** as to the remainder.

**IT IS FURTHER ORDERED** that Phaeton's Motion for Summary Judgment (Rec. Doc. No. 33) is **DENIED.**

New Orleans, Louisiana, this 3rd day of November, 2009.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE

6